UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINO MARTINEZ HERNANDEZ,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, et al.,<br>Respondents. | Case No.: 26-CV-3963 JLS (VET)<br>**ORDER GRANTING IN PART PETITION FOR A WRIT OF HABEAS CORPUS**<br>(ECF No. 1) |

Presently before the Court is Petitioner Valentino Martinez Hernandez's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court is Respondents' Return to Petition ("Ret.," ECF No. 4). Petitioner did not file a traverse. *See generally* Docket.

Petitioner alleges that he has been detained by the United States Department of Homeland Security's Immigration and Customs Enforcement division at the Otay Mesa Detention Center since October 15, 2025. Pet. ¶ 9. Petitioner entered the United States without inspection in May 2005. *Id.* ¶ 2. Petitioner was married to a lawful permanent resident who passed away in 2023 and is now the only surviving parent and primary

caregiver to two children. *Id.* ¶¶ 6–9. Petitioner has appealed an immigration judge's decision ordering Petitioner removed. *Id.* ¶¶ 11–12.

Although Respondents maintain "that Petitioner is subject to mandatory detention under § 1225(b)(2)," they "acknowledge[] that this Court, and Courts in this District, have repeatedly reached the opposite conclusion under the same and/or similar facts" and "do[] not oppose the [P]etition and request[] the Court order a bond hearing." Ret. at 1–2.

Accordingly, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) and **ORDERS** the Government to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within fourteen (14) days, unless Petitioner, the non-citizen, requests a continuance. Bond **SHALL NOT** be denied on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention. The non-citizen bears the burden of demonstrating, by a preponderance of the evidence, that they are not a danger to the community or a flight risk. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). The Court **DENIES IN PART** the Petition to the extent that Petitioner requests to be released from custody. The Parties **SHALL FILE** a status report informing the Court of the outcome of the hearing by August 14, 2026.

The Court will consider an application requesting reasonable fees and costs under the EAJA that is filed within thirty days of the judgment. Petitioner's attorney is directed to submit an attorney fee application and corresponding billing records within thirty (30) days of this Order, and Respondents are instructed to file any opposition within fourteen (14) days of Petitioner's attorney fee application.

As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: July 24, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge